**Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000100
06-SEP-2013
08:26 AM**

NO. CAAP-10-0000100

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


IN THE MATTER OF
VIOLET-MARIE M. ROSEHILL,
Revocable Living Trust Dated December 23, 1986
(Trust No. 09-1-0055)

-------------------------

IN THE MATTER OF
MARCUS F. ROSEHILL,
Revocable Living Trust Dated December 23, 1986
(Trust No. 09-1-0056)


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Respondent-Appellant Marcus D.E. Rosehill (Rosehill),
*pro se*, appeals from the September 22, 2010 "Final Judgment in
Favor of Petitioner Marvi M. Rosehill Ching, Co-Trustee of the
Violet-Marie M. Rosehill Revocable Living Trust Dated
December 23, 1986 and Against Respondent Marcus D.E. Rosehill"
(Judgment) filed in the Circuit Court of the First Circuit[1]
(circuit court). Judgment was entered in favor of Petitioner-

---

[1] The Honorable Rom A. Trader presided.

Appellee Marvi M. Rosehill Ching (Ching) pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b).

Rosehill, a co-trustee to the "Violet-Marie M. Rosehill Revocable Living Trust Agreement" dated December 23, 1986 (the Trust), timely filed a notice of appeal. However, Rosehill is not licensed to practice law as an attorney in Hawai'i; therefore, he is not entitled to assert an appeal in his capacity as a co-trustee of the Trust. Although Rosehill designates himself as "Federal Protector" in his Notice of Appeal, his involvement in this case is based on his status as a co-trustee of the Trust. Moreover, in his opening and reply briefs, Rosehill designates himself as trustee. Accordingly, Rosehill's October 25, 2010 notice of appeal is not valid for the purpose of invoking the jurisdiction of this court.

In trust litigation, "[t]he general rule is that a trustee may not represent the trust in litigation unless, having the right sought to be enforced, he is the real party in interest." Tradewinds Hotel, Inc. v. Cochran, 8 Haw. App. 256, 265, 799 P.2d 60, 66 (1990); see also Hawaii Revised Statutes (HRS) § 605-2[2] (1993); HRS § 605-14[3] (2012). In order to

---

[2] HRS § 605-2 provides in relevant part:

§605-2 **Attorneys; license required.** Except as provided by the rules of court, no person shall be allowed to practice in any court of the State unless that person has been duly licensed so to do by the supreme court; provided that nothing in this chapter shall prevent any person, plaintiff, defendant, or accused, from appearing in person before any court, and there prosecuting or defending that person's, plaintiff's, defendant's, or accused's own cause, without the aid of legal counsel[.]

[3] HRS § 605-14 provides in pertinent part:

§605-14 **Unauthorized practice of law prohibited.** It shall be unlawful for any person, firm, association, or corporation to engage in or attempt to engage in or to offer to engage in the practice of law, or to do or attempt to do or offer to do any act constituting the practice of law, except and to the extent that the person, firm, or association is licensed or authorized so to do by an appropriate court, agency, or office or by a statute of the State or of the United States.

represent the Trust, Rosehill must show "that he [is] the sole beneficiary of the trust;" and thus, the real party in interest. Tradewinds Hotel, Inc., 8 Haw. App. at 265, 799 P.2d at 66 ("Defendant had the burden of showing that the cause was his, i.e., that he was the real party in interest. It was incumbent on him to show that he was the sole beneficiary of the trust by introducing the unrecorded trust document.").

The record provides that Rosehill and his sister, Ching, are beneficiaries to the Trust, as well as successor co-trustees. Rosehill fails to show that he is the sole beneficiary of the Trust. As such, he may not represent the Trust.

Therefore, IT IS HEREBY ORDERED THAT this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, September 6, 2013.

On the briefs:

Marcus D.E. Rosehill
Respondent-Appellant pro se

Dennis E.W. O'Connor, Jr.
Kristi L. Arakaki
(O'Connor Playdon & Guben LLP)
for Petitioner-Appellee

Chief Judge

Associate Judge

Associate Judge

3